UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA FLYNN and <br> PAUL FLYNN, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> WAL-MART STORES EAST, LP, <br> a/k/a WAL-MART STORES EAST I, LP, <br> d/b/a WAL-MART SUPERCENTER, <br><br> Defendant. | Case No. 4:14CV1162 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Defendant") Motion to Dismiss Plaintiffs' Petition for Lack of Standing, filed August 20, 2014. (ECF No. 10). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about March 10, 2009, Plaintiff Pamela Flynn allegedly was a business invitee of Defendant, in that Ms. Flynn entered Wal-Mart Supercenter to stock its shelves on behalf of Lewis Brothers Bakeries, Inc. (Petition for Personal Injuries (hereinafter "Complaint") (ECF No. 3), ¶ 3). Ms. Flynn alleges that at that time, Defendant negligently failed to provide her with a safe work place within which to stock the shelves. (Id., ¶ 5). Ms. Flynn claims that as a result of Defendant's negligence, she fell and sustained injuries to her right shoulder, right arm, and right knee, which in turn caused her to incur medical bills in an amount not exceeding $50,000.00, and lost wages in the sum of $5,337.58. (Id., ¶ 8). She further alleges that she will continue to incur medical expenses as a result of her injuries. (Id.).

On December 8, 2010, Plaintiffs filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri. (Plaintiffs' Voluntary Petition in Bankruptcy, attached to Defendant's Motion to Dismiss as Exh. B (ECF No. 10-3)). Plaintiffs did not identify Ms. Flynn's personal injury claim against Defendant as an asset of their bankruptcy estate. (See Id., PP. 11-14 (Schedule B--Personal Property), 15 (Schedule C--Property Claimed as Exempt)).

On or about February 24, 2014, Plaintiffs filed this suit in the Circuit Court of St. Louis County, State of Missouri, seeking a judgment against Defendant in excess of $25,000.00.[1] Defendant removed the case to this Court on June 27, 2014, on the basis of diversity jurisdiction. (Notice of Removal (ECF No. 1)).

As stated above, Defendant filed the instant Motion to Dismiss on August 20, 2014. (ECF No. 10). In its motion, Defendant contends Plaintiff Pamela Flynn's claim against it is an unliquidated personal injury claim, and thus became part of her bankruptcy estate upon the filing of Plaintiffs' Voluntary Petition in Bankruptcy. (Id., ¶¶ 4, 5). Defendant further maintains that because Plaintiff's claim is not an asset exempt from the bankruptcy estate, Plaintiffs lack standing to pursue the claim against Defendant. (Id., ¶¶ 6, 7).

On September 26, 2014, Plaintiffs responded to Defendant's motion as follows:

    1.    Plaintiffs agree to amend their bankruptcy petition to include as an asset of plaintiffs in said bankruptcy Plaintiffs' claim against defendant for an approximate value of $150,000.00.

    2.    Plaintiffs' bankruptcy attorney David Fondren, 636-485-6743, has agreed to file said amended petition for bankruptcy relief on or before October 3, 2014.[2]

---

[1] Plaintiffs' Complaint consists of two counts—Pamela Flynn's claim for personal injury damages, and Paul Flynn's claim for loss of consortium. Although the Court refers solely to Ms. Flynn's claim throughout the remainder of this opinion, the Order applies equally to both claims.

[2] It does not appear from the Court's review of the record in Plaintiffs' bankruptcy proceeding that their bankruptcy attorney has filed the amended petition, nor have Plaintiffs moved to amend their Complaint in this case. The Court

(See Plaintiffs' Response to Defendant's Motion to Dismiss (ECF No. 15)). By way of reply, Defendant asserts Plaintiffs' proposed amendment to their bankruptcy petition fails to cure their lack of standing to bring the unliquidated personal injury claim against Defendant in this Court. (See Reply Memorandum in Support of Defendant's Motion to Dismiss for Lack of Standing (ECF No. 16)).

## **DISCUSSION**

As noted above, Defendant insists this claim must be dismissed because Plaintiffs lack standing pursuant to the applicable provisions of the Bankruptcy Code. "If a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 980 (8th Cir. 2009) (internal quotations and citations omitted); *Morse v. Vinson*, No. 3:09CV00153, 2010 WL 385945, at *2 (E.D. Ark. Jan. 27, 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 975 (8th Cir. 2008) (subject matter jurisdiction can be raised at any time).

When an individual files a petition for bankruptcy, his or her property, including all legal or equitable interests, becomes part of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). After an estate is opened, an appointed trustee has the exclusive right to sue or be sued on behalf of the estate. *See* 11 U.S.C. § 323; *In re Brooks*, 227 B.R. 891, 894 (Bankr. W.D. Mo. 1998). Any claims existing at the time of the bankruptcy petition, whether in pending litigation or not, thus are part of the estate, and "the debtor no longer has standing to pursue them." *Sherrell v. WIL-BFK Food Servs., Inc.*, No. 09-04072, 2009 WL 3378991, at *1 (W.D. Mo. Oct. 19, 2009) (citing *In re Ozark Rest. Equip. Co.*,

---

thus need not decide whether the bankruptcy trustee could be substituted as the proper party Plaintiff in this matter.

816 F.2d 1222, 1225 (8th Cir. 1987)).

In light of the foregoing, the Court finds the case at hand became an asset of Plaintiffs' bankruptcy estate upon the filing of their Voluntary Petition in Bankruptcy. Plaintiffs thus lack standing to pursue the claim, and so it must be dismissed for lack of subject-matter jurisdiction.[3]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores East, LP's Motion to Dismiss Plaintiffs' Complaint for Lack of Standing (ECF No. 10) is **GRANTED**, and Plaintiffs' Complaint is dismissed. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th Day of October, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

3 Plaintiffs do not assert the claim is an asset exempt from their bankruptcy estate. Such an argument is precluded under Eighth Circuit law in any event. *See In re Mahony*, 374 B.R. 717 (Bankr. W.D. Mo. 2007); *Dylewski v. Amco Ins. Co.*, 2010 WL 1727870 (E.D. Mo. Apr. 29, 2010); *In re Abdul-Rahim*, 720 F.3d 710 (8th Cir. 2013).